IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 15-127-1 |
| KENNETH DANIELS | : | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S**
**CITATION OF ADDITIONAL RELEVANT AUTHORITY**

Motions by Kenneth Daniels for relief under 28 U.S.C. § 2255 are pending. On August 20, 2020, the government filed a response in opposition to the motions (Doc. 102), and on October 26, 2020, United States Magistrate Judge Jacob P. Hart issued a report and recommendation advising that the 2255 motions should be denied (Doc. 104). Daniels presents in the 2255 motions two claims, which are addressed below in light of his recently filed Citation of Additional Relevant Authority (Doc. 115).

1. ***Rehaif* Claim.**

In the 2255 motions, in part, Daniels challenged his conviction under 18 U.S.C. § 922(g)(1), on the basis of the decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019), which held that to prove a 922(g) offense the government must prove that the defendant at the time of his illegal possession of a firearm knew of the status that made that possession illegal.

Judge Hart agreed with the government that Daniels procedurally defaulted the *Rehaif* claim by not presenting it earlier, and that Daniels does not show either cause or

prejudice for the default, and moreover cannot establish actual innocence to overcome the default. *See* Report & Recommendation at 4-8.

On November 23, 2020, Daniels filed an objection to the report and recommendation (Doc. 107), suggesting that the matter should be stayed pending resolution of the petition for certiorari related to *United States v. Gary*, 954 F.3d 194 (4th Cir. 2020), which held that failure to advise a defendant pleading guilty of the knowledge requirement of 18 U.S.C. § 922(g) is a structural error. Subsequently, the Supreme Court reversed the *Gary* decision, as part of its ruling in *Greer v. United States*, 141 S. Ct. 2090 (2021).[1]

More recently, on December 20, 2021 (Doc. 115), Daniels filed a pleading entitled, "Citation of Additional Relevant Authority." In that document, he briefly appears to object to application of the procedural default rule, stating that *Rehaif* was not decided until well after his prosecution ended, "hence, Daniels did not have a meaningful time to incorporate the new interpretation into his direct appeals." Doc. 115 at 4. However, the procedural default rule squarely applies in this situation, where, as Judge Hart explained at length, the argument was available at the time Daniels was prosecuted. *See* Report & Recommendation at 6.

---

[1] The opinion in *Greer* resolved both the *Greer* and *Gary* cases, which were consolidated by the Supreme Court for disposition. *See Greer*, 141 S. Ct. at 2100 ("As the Court's precedents make clear, the omission of a single element from jury instructions is not structural. *See, e.g., Neder*, 527 U.S. at 7-10. A *Rehaif* error in jury instructions is therefore not structural. And it follows that a *Rehaif* error in a plea colloquy is likewise not structural.").

In the new "Citation of Additional Relevant Authority" pleading, Daniels next presents a generally accurate account of *Greer*, *see* Doc. 115 at 5-8, but without explaining its pertinence to this case or how it aids him. In fact, *Greer* only confirms that Daniels is not entitled to relief. In *Greer*, the Court addressed the situation where a defendant presents an unpreserved *Rehaif* objection for the first time on direct appeal. There, the Court held, plain error review applies, requiring the defendant to show a "reasonable probability" that the result of the proceeding would have been different had the court instructed the jury as to the *Rehaif* requirement, or advised the defendant at a guilty plea of the knowledge requirement. The Court declared:

> In a felon-in-possession case where the defendant was in fact a felon when he possessed firearms, the defendant faces an uphill climb in trying to satisfy the substantial-rights prong of the plain-error test based on an argument that he did not know he was a felon. The reason is simple: If a person is a felon, he ordinarily knows he is a felon. "Felony status is simply not the kind of thing that one forgets." 963 F.3d 420, 423 (C.A.4 2020) (Wilkinson, J., concurring in denial of reh'g en banc).

*Greer*, 141 S. Ct. at 2097. The Court further stated that the defendant must make a representation that he would have presented evidence at trial that he did not in fact know he was a felon when he possessed a firearm, and that in reviewing that claim the court may consider the entire record, including a presentence report. *Id*.

In the present case, where the defendant faces the even more considerable "actual innocence" burden at the habeas stage – requiring a showing that, if presented with all evidence, no reasonable juror would conclude that he knew of his felon status at the time he possessed a gun – the defendant likewise fails to present any claim or credible evidence that he did not know of his felon status, and the available evidence

overwhelmingly defeats that proposition, as the government previously explained. Thus, if indeed the procedural default rule did not apply in this habeas matter (which it does), then Daniels, like defendant Gary in the *Greer* case, would be required to show plain error to gain relief on a claim that he did not make at the time of his guilty plea. From any angle, Daniels' objection based on *Rehaif* fails.

**2. ACCA Challenge.**

Also in his new filing on December 20, 2021, Daniels addresses his challenge to the ACCA classification based on prior "serious drug offenses," Doc. 115 at 8, that he also raised in the 2255 motions. Judge Hart agreed with the government that Daniels' challenge had been denied by the Third Circuit on direct appeal and was therefore meritless. *See* Report & Recommendation at 9. Daniels now cites the recent decision in *Shular v. United States*, 140 S. Ct. 779 (2020), but again, he does not explain how that case helps him. In fact, it does not.

*Shular* explained that application of the "serious drug offense" definition in ACCA involves a categorical approach, in which the court must determine whether "the state offense's elements 'necessarily entail one of the types of conduct' identified in § 924(e)(2)(A)(ii)," *Shular*, 140 S. Ct. at 784 (quoting and agreeing with the government's brief), that is, "manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance," § 924(e)(2)(A)(ii). This particular categorical approach, the Supreme Court held, does not require matching the state offense's elements to a specific generic offense, as in fact there "are not universal names of offenses; instead, States define 'core drug offenses with all manner of terminology,

including: trafficking, selling, giving, dispensing, distributing, delivering, promoting, and producing.'" *Id.* at 785 (citation omitted).[2]

Daniels was convicted three previous times under the principal Pennsylvania drug trafficking statute, 35 Pa. Stat. § 780-113(a)(30), which, not surprisingly, comfortably fits within the definition of a "serious drug offense," as the Third Circuit has repeatedly held, in Daniels' case and others. *See, e.g.*, *United States v. Abbott*, 748 F.3d 154 (3d Cir. 2014); *United States v. Daniels*, 915 F.3d 148 (3d Cir. 2019). The state statute provides:

> (a) The following acts and the causing thereof within the Commonwealth are hereby prohibited . . .
>
> (30) Except as authorized by this act, the manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance by a person not registered under this act, or a practitioner not registered or licensed by the appropriate State board, or knowingly creating, delivering or possessing with intent to deliver, a counterfeit controlled substance.

This statute plainly refers to conduct that is akin to manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance, as required by ACCA and *Shular*.

---

[2] *Shular* further emphasized that ACCA uses the expansive term "involving," confirming that the state statute need only address conduct described by the ACCA definition. The Eighth Circuit explained, "18 U.S.C. § 924(e)(2)(A)(ii) uses the term 'involving,' an expansive term that requires only that the conviction be 'related to or connected with' drug manufacture, distribution, or possession, as opposed to including those acts as an element of the offense." *United States v. Bynum*, 669 F.3d 880, 886 (8th Cir. 2012) (holding that knowingly offering to sell drugs is an offense "involving" drug distribution). *See also United States v. Gibbs*, 656 F.3d 180, 188 (3d Cir. 2011) (holding that a conviction for wearing body armor while committing a felony may "involve" drug manufacturing, distribution, or possession when the underlying felony is a drug offense).

For all of these reasons, as well as those set forth earlier by the government, the report and recommendation should be adopted and Daniels' motions under 28 U.S.C. § 2255 should be denied.

Respectfully yours,

JENNIFER ARBITTIER WILLIAMS
United States Attorney


s/ Timothy M. Stengel
TIMOTHY M. STENGEL
Assistant United States Attorney

# CERTIFICATE OF SERVICE

I hereby certify that this pleading has been served by first-class mail, postage prepaid, upon:

>Mr. Kenneth Daniels
>No. 72055-066
>FCI Ashland
>P.O. Box 6001
>Ashland, KY  41105

>*s/ Timothy M. Stengel*
>TIMOTHY M. STENGEL
>Assistant United States Attorney

Dated:  January 4, 2022.