**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL ACTION** |
| | : | |
| **v.** | : | **NO. 15-127** |
| | : | |
| **KENNETH DANIELS** | : | |

# MEMORANDUM

**KEARNEY, J.**　　　　　　　　　　　　　　　　　　　　　　　　　　　**November 27, 2024**

Pennsylvania courts convicted Kenneth Daniels of several serious crimes from 2002 through 2009 including aggravated assault and drug trafficking. Local police found him in 2014 possessing a loaded gun. Mr. Daniels agreed in early 2016 to plead guilty in this Court to being a felon in possession of a loaded gun. He swore he knowingly and voluntarily waived his right to challenge his conviction or sentence through a habeas petition as part of his plea. Judge Schiller then sentenced Mr. Daniels to 180 months in custody. Mr. Daniels now pro se moves to vacate the 2016 conviction under a liberally construed habeas petition arguing Congress' prohibition on felons possessing firearms violated his Second Amendment and due process rights. We find he knowingly and voluntarily waived his right to bring this argument. His untimely petition is also wholly unsupported by governing constitutional law including the Supreme Court's decision over two years ago recognizing the need to analyze Second Amendment rights for some felons in possession based on the Nation's tradition and history of firearms regulation. But nothing in the recent guidance suggests a person earlier convicted of aggravated assault and drug trafficking is excluded from Congress' prohibition of firearms by felons. We deny and dismiss Mr. Daniels's petition, find no need for an evidentiary hearing, and deny a certificate of appealability.

**I.  Background**

Pennsylvania state courts convicted Kenneth Daniels several times from 2002 to 2009 for multiple drug trafficking offenses, a firearm offense, and aggravated assault.[1] His conduct continued on November 5, 2014 when Mr. Daniels possessed a loaded firearm while riding as a passenger in a car stopped by Chester Police for a traffic violation.[2] Our Grand Jury returned a one-count Indictment charging Mr. Daniels with being a convicted felon in possession of a firearm on March 31, 2015.[3] Mr. Daniels's earlier state court convictions warranted the statutory armed career criminal classification when he appeared before Judge Schiller on this March 31, 2015 Indictment.[4]

Mr. Daniels pleaded guilty to being a felon in possession of a firearm under 18 U.S.C. sections 922(g)(l) and 924(e) before Judge Davis in a change of plea hearing on August 8, 2016.[5] Mr. Daniels "voluntarily and expressly waive[d] all rights to appeal or collaterally attack [his] conviction, sentence, or any other matter relating to this prosecution, whether such a right to appeal or collateral attack arises under . . . 28 U.S.C. § 2255, or any other provision of law."[6] Judge Schiller later sentenced him to 180 months in prison.[7] Mr. Daniels is scheduled for release in February 2028.[8]

**II.  Analysis**

Mr. Daniels now asks we vacate his sentence without mentioning his earlier waiver.[9] He claims Congress' prohibition on firearms in section 922(g)(1) as applied to him violates the Second Amendment.[10] Mr. Daniels further argues Congress' prohibition violates his Fifth and Fourteenth Amendment due process rights.

Congress allows a federal prisoner to seek habeas relief from his federal sentence by moving to vacate, set aside, or correct his sentence in four circumstances: (1) the sentence imposed

2

violates the Constitution or laws of the United States; (2) the court lacked jurisdiction to impose the sentence; (3) the sentence is in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack.[11] We construe a pro se petition liberally.[12] But we may only vacate a sentence if we find "judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack[.]"[13]

A habeas petition under section 2255 is reviewed "much less favorably than a direct appeal of the sentence" and is available only where "the claimed error of law was a fundamental defect which inherently results in a complete miscarriage of justice, and . . . present[s] exceptional circumstances where the need for the remedy afforded by the writ . . . is apparent."[14] Collateral review under section 2255 "is not a substitute for direct review" and a petitioner "ordinarily may only raise claims in a 2255 motion that he raised on direct review."[15]

We deny Mr. Daniels's petition. He waived the right to file such a petition in his plea agreement and, even if he had not, his untimely challenge is meritless because he does not allege violations of his right to bear arms given his criminal history of serious offenses or his right to due process.

### A. Mr. Daniels waived his right to file this section 2255 vacatur petition.

We dismiss Mr. Daniels's pro se petition because he swore to knowingly and voluntarily waiving the right to file this petition in his plea agreement. "A criminal defendant may knowingly and voluntarily waive many of the most fundamental protections afforded by the Constitution."[16] "Such waivers can include the waiver of the right to file a . . . [petition] to vacate, set aside or correct sentence under 28 U.S.C. § 2255 in a plea agreement with the government."[17] Waivers of the right to collaterally attack criminal proceedings "do not contravene public policy and courts

should strictly construe such waivers."[18] "In deciding whether to enforce [a] waiver, the Court must (1) determine whether it was 'knowing and voluntary' and (2) decide whether enforcing it would 'work a miscarriage of justice.'"[19] We have "an affirmative duty both to examine the knowing and voluntary nature of the waiver and to assure [ourselves] its enforcement works no miscarriage of justice, based on the record evidence before [us]."[20]

### 1. Mr. Daniels knowingly and voluntarily waived this claim.

Mr. Daniels has not offered a reason to find his waiver unenforceable. But we have an independent obligation to assess. We must "review[] the terms of the plea agreement and change-of-plea colloquy and address[] their sufficiency."[21] The record shows confirms Mr. Daniels knowingly and voluntarily waived his right to now pro se seek this same relief.

First, Mr. Daniels signed a written plea agreement providing the waiver is broad and applies to collateral attack rights. Mr. Daniels swore he "voluntarily and expressly waive[d] all rights to appeal or collaterally attack [his] conviction, sentence, or any other matter relating to this prosecution, whether such a right to appeal or collateral attack arises under . . . 28 U.S.C. § 2255, or any other provision of law."[22] Mr. Daniels swore he read the plea agreement, discussed it with his attorney, and accepted its terms.[23] The terms of the agreement are sufficient and clear.

Second, the August 8, 2016 plea colloquy further establishes Mr. Daniels knew and understood the terms of the plea agreement. Judge Davis placed Mr. Daniels under oath. Judge Davis found Mr. Daniels competent to enter into a plea agreement.[24] Mr. Daniels swore he graduated from high school in 1995 and could read, write, and understand English.[25] Mr. Daniels swore he understood he waived, with limited exceptions, his right to collaterally attack his conviction and sentence.[26] Mr. Daniels swore he entered his guilty plea voluntarily.[27]

4

The undisputed record confirms Mr. Daniels knowingly and voluntarily waived his right to pursue his present section 2255 petition.

### 2. There is no miscarriage of justice.

Our holding Mr. Daniels to his knowing and voluntary waiver does not result in a miscarriage of justice. "The miscarriage of justice exception is meant to be 'applied sparingly and without undue generosity.'"[28] In assessing whether a miscarriage of justice will occur, a court should consider the "clarity of the error, its gravity, its character (e.g., whether it concerns a fact issue, a sentencing guideline, or a statutory maximum), the impact of the error on the defendant, the impact of correcting the error on the government, and the extent to which the defendant acquiesced in the result."[29]

Enforcing the waiver will not work a miscarriage of justice because Mr. Daniels does not demonstrate error in his criminal proceedings or change of law grounds for disturbing them.[30] The governing law justified the sentence. There is no basis to find ineffective assistance. The United States did not breach the plea agreement. And Mr. Daniels's collateral attack fails on the merits as described below because: (1) there has been no change in Supreme Court Second Amendment jurisprudence which could impact Mr. Daniels's sentence, and (2) even if Mr. Daniels could argue the Supreme Court's June 2022 *Bruen* holding impacted his sentence, such a challenge would be time barred under the one-year statute of limitations from the time of his alleged change in law. Mr. Daniels waived his right to collaterally attack his criminal proceedings.

### B. The 2016 sentence does not violate Mr. Daniels's constitutional rights.

Mr. Daniels's collateral attack waiver is enforceable and bars our review of his section 2255 claim. But we are mindful of the interests of justice. So we address the merits of Mr. Daniels's constitutional claims to offer further guidance to Mr. Daniels and confirm his challenge fails on

5

the merits. Mr. Daniels has not shown his 2016 sentence as a felon in possession violates his right to bear arms or his right to due process.

### 1. Mr. Daniels's earlier serious and violent state court convictions fall squarely within Congress' prohibition of felons possessing firearms.

Mr. Daniels argues Congress' prohibition on him—a repeat state court felon—possessing a firearm is unconstitutional as applied to him under the Second Amendment, and therefore his conviction must be vacated. We disagree.

The Founders provided in the Second Amendment "the right of the people to keep and bear Arms, shall not be infringed."[31] Congress through section 922(g)(1) made it unlawful for "any person . . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year" to "possess in or affecting commerce, any firearm or ammunition."[32] Mr. Daniels is correct the Supreme Court has revisited Second Amendment law in recent years, but he is incorrect those holdings affect the validity of his conviction and sentence.

Our Supreme Court a little over two years ago in *New York State Rifle & Pistol Association v. Bruen* held where the Second Amendment covers an individual's conduct, Congress cannot prohibit the conduct except in a manner consistent with "the historical tradition that delimits the outer bounds of the right to keep and bear arms."[33] The Court returned to this issue this Summer in *United States v. Rahimi* when it endeavored to correct how "some courts have misunderstood" its 2022 guidance in *Bruen*.[34] Mr. Rahimi challenged a provision of section 922(g) prohibiting him from possessing a firearm as the subject of a domestic violence restraining order.[35] The Supreme Court found Congress' section 922(g) prohibition was constitutional as applied to Mr. Rahimi explaining "the appropriate analysis involves considering whether the challenged regulation is consistent with the principles that underpin our regulatory tradition."[36] The Court found our regulatory tradition recognized "[w]hen an individual poses a clear threat of physical violence to

another, the threatening individual may be disarmed."[37] The Supreme Court made clear in *Rahimi* "[o]ur tradition of firearm regulation allows the Government to disarm individuals who present a credible threat to the physical safety of others."[38]

Mr. Daniels's earlier state court convictions involve violence and dangerousness. Pennsylvania judges sentenced Mr. Daniels in 2009, 2008 and 2004 after convictions for possession with intent to distribute, a 2004 conviction for aggravated assault, and a 2008 conviction for firearms not to be carried without a license, each of which are punishable by imprisonment exceeding one year.[39]

Mr. Daniels's earlier criminal history of aggravated assault alone places him in the class of people who have been disarmed "consistent with the nation's historical tradition of firearm regulation because those who commit . . . assault have, since the founding, been considered dangerous."[40] As such, we "join a number of our colleagues who have found banning firearms for individuals convicted of . . . aggravated assault is constitutional because those who commit such crimes are dangerous and would have been disarmed at the time of the Founding."[41]

State courts also convicted Mr. Daniels multiple times of possession with intent to distribute. We are persuaded by our colleagues repeatedly finding barring possession of firearms for those with a history of such drug offenses is consistent with our regulatory tradition.[42] Chief Judge Brann explained and addressed the practical implications: "There are few crimes that pose a greater risk to the public than drug trafficking, and fewer still where the dangerous connection between the crime and possession of firearms is more present or better understood. . . . Congress has passed a raft of laws punishing and attempting to prevent drug traffickers from possessing firearms because it understands that firearms in the hands of such individuals frequently results in

7

deadly violence. Holding § 922(g)(1) unconstitutional as applied to such individuals would effectively strip Congress of the ability to protect the public from a clear and present danger."[43]

We conclude section 922(g)(1) is constitutional under the Second Amendment as applied to Mr. Daniels.

### 2. Mr. Daniels does not show a due process clause violation.

Mr. Daniels purports to raise a conclusory due process challenge to his criminal proceedings. But his due process arguments are all made in support of his Second Amendment arguments.[44] He does not plead a separate due process violation. We are unable to guess one. His due process claim must fail.

### 3. This habeas challenge is time barred.

We detail why Mr. Daniels's petition is inadequate for several procedural and substantive issues. But we must also dismiss Mr. Daniels's petition as time barred. Congress imposes a one year statute of limitations on section 2255 petitions from the date on which: (1) the judgment of conviction becomes final; (2) the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed; (3) **the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review**; or (4) the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.[45]

Even if Mr. Daniels presented a meritorious argument the Supreme Court's 2022 holding in *Bruen* represents a change in the law under section 2255(f)(3), the Supreme Court issued *Bruen* in June 2022—more than two years ago. Mr. Daniels's 2255 petition fails for this additional reason.

### C. There is no need for an evidentiary hearing on Mr. Daniels's constitutional claims because they are not supported by the record.

Mr. Daniels requests an evidentiary hearing.[46] Congress in section 2255(b) requires us to hold an evidentiary hearing "[u]nless the motion and the files and records of the case *conclusively* show that the prisoner is entitled to no relief[.]"[47] If a hearing is not held, we must accept Mr. Daniels's allegations as true "unless they are clearly frivolous on the basis of the existing record."[48] Mr. Daniels's challenges are barred by his plea agreement and frivolous, so an evidentiary hearing is not needed.

### D. We decline to issue a certificate of appealability.

Mr. Daniels did not request a certificate of appealability, but we construe pro se pleadings liberally and will address the matter here. Congress in section 2253 provides "[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . the final order in a proceeding under section 2255."[49] We may issue a certificate of appealability only if the petitioner "has made a substantial showing of the denial of a constitutional right."[50] A petitioner meets this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."[51] Mr. Daniels fails to meet this standard. We decline to issue a certificate of appealability. Reasonable jurists could not disagree with our conclusion Mr. Daniels's constitutional claims are barred, frivolous, and not supported by the record.

### III.  Conclusion

We deny Mr. Daniels's 2255 petition because he knowingly and voluntarily waived his right to collaterally attack his conviction and sentence in his plea agreement. And Mr. Daniels does not show a constitutional claim even if he did not waive the right to challenge: he does not have

9

an argument on the merits and even if he did, such a challenge is time barred. No evidentiary hearing is required because the record conclusively shows he is not entitled to relief. Mr. Daniels does not make a substantial showing of the denial of a constitutional right or show jurists of reason could disagree with our conclusion and there is no basis to issue a certificate of appealability.

---

[1] ECF 51 at 8 ("Daniels has a 2009, 2008 and 2004 conviction for possession with intent to distribute; a 2004 conviction for aggravated assault; a 2008 conviction for firearms not be carried without a license; and a 2002 DUI, each of which were crimes punishable by imprisonment exceeding one year."); *accord* ECF 83 at 29.

[2] *Id.* at 1.

[3] *Id.* at 1.

[4] *Id.* at 1–2, 8.

[5] ECFs 50, 83. Mr. Daniels challenges only section 922(g)(1) as applied to him. Mr. Daniels does not contest he meets Congress' criteria for enhanced sentencing as an armed career criminal under 18 U.S.C. section 924(e).

[6] ECF 50 ¶ 12.

[7] ECF 84 at 8:10–16.

[8] ECF 135 at 1.

[9] ECF 145. Mr. Daniels first moved for compassionate release in July 2020 arguing his medical conditions rendered him more susceptible to the adverse effects of COVID-19. ECF 98. Judge Schiller denied Mr. Daniels's motion. ECFs 99, 100. Judge Schiller denied Mr. Daniels's second motion for compassionate release on medical grounds a few months later. ECFs 108, 113. Judge Schiller denied Mr. Daniels's third motion for compassionate release on medical grounds in 2022. ECFs 118, 124. Mr. Daniels moved for compassionate release a fourth time in August 2023 based on a stomach illness. ECF 135. We denied his Motion finding he did not present extraordinary and compelling reasons for release. ECFs 143, 144.

[10] ECF 145 at 3–4. Congress through section 922(g)(1), which Mr. Daniels challenges as unconstitutional as applied to him here, makes it unlawful for "any person . . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year" to "possess in or affecting commerce, any firearm or ammunition."

[11] 28 U.S.C. § 2255(a).

[12] *United States v. Sotomayor*, 146 F. Supp. 3d 667, 668 (E.D. Pa. 2015).

[13] 28 U.S.C. § 2255(b).

[14] *United States v. Travillion*, 759 F.3d 281, 288 (3d Cir. 2014) (cleaned up).

[15] *Hodge v. United States*, 554 F.3d 372, 378–79 (3d Cir. 2009).

[16] *United States v. Khattak*, 273 F.3d 557, 561 (3d Cir. 2001) (quoting *United States v. Mezzanatto*, 513 U.S. 196, 201 (1995)).

[17] *United States v. Mitchell*, No. 15-21-6, 2017 WL 4838841, at *2 (E.D. Pa. Oct. 25, 2017) (citing *United States v. Mabry*, 536 F.3d 231, 236, 241 (3d Cir. 2008)).

[18] *Wiles v. United States*, No. 17-5077, 2020 WL 5055627, at *3 (D.N.J. Aug. 27, 2020) (internal quotation marks and citations omitted).

[19] *United States v. Kastory*, No. 2:22-142, 2023 WL 5901646, at *3 (W.D. Pa. Sept. 11, 2023) (quoting *United States v. Williams*, No. 21-1752, 2022 WL 973737, at *1 (W.D. Pa. Mar. 31, 2022)).

[20] *United States v. Traumann*, No. 18-564, 2023 WL 2142660, at *2 (E.D. Pa. Feb. 21, 2023) (quoting *Mabry*, 536 F.3d at 237–38).

[21] *Mabry*, 536 F.3d at 238.

[22] ECF 50 ¶ 12.

[23] *Id.* at 6–9.

[24] ECF 83 3:23–4:2; 14:17–18:1. "Before accepting a plea of guilty . . . the court must address the defendant personally in open court and determine that the plea is voluntary and did not result from force, threats, or promises (other than promises in a plea agreement)." Fed. R. Crim. P. 11(b)(2).

[25] ECF 83 14:17–25.

[26] *Id.* 11:12–13:17; 14:6–11; 24:6–26:25.

[27] *Id.* 7:14–8:8; 24:6–26:25; 30:13–31:2.

[28] *Traumann*, 2023 WL 2142660, at *3 (quoting *United States v. Wilson*, 429 F.3d 455, 458 (3d Cir. 2005)).

[29] *Id.* (quoting *Khattak*, 273 F.3d at 563).

---

[30] *United States v. Neal*, No. 19-230-1, 2024 WL 1095814, at *2 (W.D. Pa. Mar. 13, 2024) (barring habeas petition in suit seeking a retroactive application of section 922(g) case law under 2255(f)(3) because, among other reasons, defendant "agreed that he would waive his right to file a motion to vacate sentence under 28 U.S.C. § 2255"); *United States v. Williams*, No. 2:21-1752, 2022 WL 973737, at *3 (W.D. Pa. Mar. 31, 2022) (enforcing waiver barring section 2255 petition); *cf. Khattak*, 273 F.3d at 560–64 (waivers of right to appeal are enforceable if entered into knowingly and voluntarily, unless they work a miscarriage of justice); *United States v. Gwinnett*, 483 F.3d 200, 205–06 (3d Cir. 2007) (Court of Appeals would not review merits of sentencing appeal because defendant knowingly and voluntarily waived her right to appeal). The few cases where our colleagues have found enforcing a 2255 plea waiver would work a miscarriage of justice present far different circumstances than the facts presented today. *See, e.g.*, *United States v. Shedrick*, 493 F.3d 292, 298 (3d Cir. 2007) ("Enforcing a collateral-attack waiver where constitutionally deficient lawyering prevented Shedrick from understanding his plea or from filing a direct appeal as permitted by his plea agreement would result in a miscarriage of justice.").

[31] U.S. CONST. amend II.

[32] 18 U.S.C. § 922(g)(1).

[33] 597 U.S. 1, 19 (2022).

[34] 602 U.S. ----, 144 S. Ct. 1889, 1897 (2024).

[35] *Id.* at 1894–96.

[36] *Id.* at 1897–98 (citation omitted).

[37] *Id.* at 1901.

[38] *Id.* at 1902.

[39] ECF 51 at 8.

[40] *United States v. Small*, No. 16-381-1, 2024 WL 4041752, at *5 (E.D. Pa. Sept. 4, 2024).

[41] *United States v. Leslie*, No. 22-391, 2024 WL 1718062, at *6 n.13 (E.D. Pa. Apr. 22, 2024) (collecting cases); *see also United States v. McCants*, No. 22-310, 2023 WL 8436055, at *6–10 (section 922(g)(1) was constitutionally applied to defendant previously convicted of aggravated assault relying upon Founding-era laws).

[42] *United States v. Canales*, 702 F. Supp. 3d 322, 329 (E.D. Pa. 2023) (collecting cases) ("As numerous courts have recognized, guns and drugs are a 'dangerous combination,' and drug-traffickers are 'dangerous and disruptive to society.'"); *United States v. Vicente-Vazquez*, 701 F. Supp. 3d 195, 200 (D.P.R. 2023) ("Given Defendant's previous convictions, which include possession of marijuana with intent to distribute, possession of a firearm in furtherance of drug trafficking, and conspiracy to possess cocaine with intent to distribute, it can be concluded that

12

Mr. Vicente is not an ordinary, law-abiding citizen. The Court's inquiry is thus whether limiting a felon's right to possess firearms and ammunitions is consistent with the United States' history and tradition.").

[43] *United States v. Reichenbach*, No. 4:22-57, 2023 WL 5916467, at *9 (M.D. Pa. Sept. 11, 2023).

[44] ECF 145 at 1.

[45] 28 U.S.C. § 2255(f) (emphasis added).

[46] ECF 145 at 22.

[47] *United States v. Scripps*, 961 F.3d 626, 631–32 (3d Cir. 2020) (quoting *United States v. McCoy*, 410 F.3d 124, 131 (3d Cir. 2005) (emphasis in original)).

[48] *Gov't of Virgin Islands v. Bradshaw*, 726 F.2d 115, 117 (3d Cir. 1984) (citation omitted).

[49] 28 U.S.C. § 2253(c)(1)(B).

[50] *Id.* § 2253(c)(2).

[51] *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (cleaned up); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (to satisfy section 2253(c), the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong").